Wanamaker, J.
The sole question in this case is whether or not the defendant, by this indictment in the court of common pleas, is twice put in jeopardy in violation of his constitutional rights.
The 1912 constitution of the state of Ohio, Article I, Bill of Rights, Section 10, dealing with the subject of former jeopardy as a defense, reads as follows: “No person shall be twice put in jeopardy for the same ,offense.”
This same provision, in the same identical words, is contained in the state constitutions of 1851 and 1802, and the same identical words appear in our federal constitution of 1787.
The indictment to which the plea of former jeopardy was interposed charged the defendant, pursuant to Section 12413, General Code, with rape upon Z. S., on July 4, 1911. The case in the probate court was a prosecution upon affidavit and information, pursuant to Section 1654, General Code, charging that the defendant, Albert Rose, contributed to the delinquency of Z. S.
*386 Since we have no common-law crime in the state of Ohio, we must look to the statutes for the declaration and definition of a crime. The constitutional provision uses the word “offense.” Layman and lawyer alike understand the word “offense” to here mean simply a crime. Bouvier’s Dictionary; Words and Phrases Judicially Defined. An offense or crime in Ohio is an act prohibited by statute law, for the violation of which a penalty is provided.
Now, who will dare to say that the information in the probate court charged the same offense as the indictment in the court of common pleas? A few of the radical differences between these two offenses will be specially noted:
1. The information charged a misdemeanor; the indictment a felony.
2. The information charged a moral delinquency upon the part of Z. S., which the state, before it was entitled to a conviction, was required to prove beyond a reasonable doubt. Fisher v. State, 84 Ohio St., 369, of the opinion of Judge Donahue. This was no part of the charge contained in the indictment.
3. The probate court was wholly without jurisdiction to try the charge of rape, hence the defendant could never have been in jeopardy on the charge of rape in the probate court; for to be in jeopardy there must not only be a sufficient legal charge, but a sufficient jurisdiction to try the charge.
The words “same offense” mean same offense, not the same transaction, not the same acts, not the same circumstances or same situation. There *387 is but one offense that is the same offense as “rape,” and that is “rape.” We have no trouble with the plain purpose and manifest meaning of these words of the constitution. He who runs may not only read but clearly understand.
We hold that there is nothing here for this court to construe. Where there is no doubt, no ambiguity, no uncertainty as to the meaning of the language employed by the constitution-makers, there is clearly neither right nor authority for the court to assume to interpret that which needs no interpretation and to construe that which needs no construction.
It is not enough that some single element of the offense charged may have a single element of some other offense as to which the defendant had theretofore been in jeopardy, but the constitutional provision requires that it shall be the “same offense.” The usual test accepted by the text-writers on criminal law and procedure is this: If the defendant upon the first charge could have been convicted of the offense in the second, then he has been in jeopardy.
Some courts have greatly expanded the natural and ordinary meaning of the words “same of?tense” to include all lesser degrees that may be fairly included within the major charge.
In all offenses against the person there must be in the first instance an assault. To such lengths have some courts gone as to hold that if the defendant had been in jeopardy of a simple assault upon another person and subsequently such assault proved to be fatal, by reason of which he was subsequently indicted charged with murder, the de *388 fendant might thereupon successfully plead a former jeopardy, because necessarily included within the charge of murder or manslaughter was the charge of assault or assault and battery, with which he had been previously charged and as to which he had previously been in jeopardy. This doctrine, however, has not found favor in the decisions of the supreme court of this state.
True, it is clear that the proceedings had in the probate court were such that the defendant was in jeopardy of the offense there charged and could not again be tried upon the same offense, for the jury was discharged over his objection and the court made no finding that there was no probability of the jury being able to agree in accordance with the statute. But to say that he had been in former jeopardy as to the charge in the probate court and to say that he had been in former jeopardy as to the charge now in the common pleas court is an entirely different proposition.
Numerous decisions can be cited to sustain the contention of the defendant as to his former jeopardy. Some of these decisions may be accounted for by a difference in the constitutional provisions, but more of them are accounted for by the fact that the courts have usurped the power of the law-maker and the constitution-maker and have added something to or subtracted something from the plain provisions of the laws and constitution.
Case law is fast becoming the great bane of the bench and bar.
Our old-time great thinkers and profound reasoners who conspicuously honored and distin *389 guished our jurisprudence have been succeeded very largely by an industrious, painstaking, far-searching army of sleuths, of the type of Sherlock Holmes, hunting some precedent in some case, confidently assured that if the search be long enough and far enough some apparently parallel case may be found to justify even the most absurd and ridiculous contention.
Case after case is piled, Ossa on Pelion, and about an equal number can be found on each side; then the court is expected to strike the balance and decide according to the preponderance of cases, rather than the preponderance of reason and justice. Courts too frequently fall into the very common error of assuming to interpret every thing in the line of legal language. The utter folly and wholesale abuse of construing words that need no construction and of interpreting language that needs no interpretation has led to much of the judicial confusion and most of the irreconcilable diversity of court decisions. There can be no stability about law until there be certainty about law, and when the constitution-maker of statute-maker uses a plain phrase, a simple sentence and a work-a-day word, with a clear, simple and unmistakable meaning, it is almost criminal in a court to scramble what is simple and confuse what is clear, under the mask of its right to construe.

Exceptions sustained.

Nichols, C. J., Shauck, Johnson, Donahue, Newman and Wilkin, JJ., concur.